GEORGE F. MULLER AND CATHERINE M. MULLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Muller v. Commissioner
Docket No. 7022-76.
United States Tax Court
T.C. Memo 1979-167; 1979 Tax Ct. Memo LEXIS 356; 38 T.C.M. (CCH) 719; T.C.M. (RIA) 79167; April 30, 1979, Filed *356 Held: Satisfaction of the seller's mortgage note out of the proceeds of a sale reported on the installment basis must be included as a payment in the year of sale. George F. Muller and Catherine M. Muller, pro se. Albert L. Sandlin, Jr., for the respondent. IRWIN
MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent has determined deficiencies in petitioners' Federal income tax for the taxable years 1971 and 1973 in the amounts of $2,212.96 and $6,866.16, respectively. The issue for our decision is whether satisfaction of a mortgage out of the proceeds of the sale of the mortgaged property reported on the installment basis under section 453 [1] must be included *357 as a payment in the year of sale. If we should resolve this issue favorably to petitioners, we must determine if petitioners' net capital gain from the installment sale as reported in 1973 should be decreased from the amount as originally reported by $1,252.76, rather than $2,158.92 as determined in the statutory notice. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, along with attached exhibits, are incorporated herein by this reference. Petitioners, husband and wife, resided in Columbia, South Carolina, at the time of filing their petition herein. They filed their Federal income tax returns with the Internal Revenue Service Center, Chamblee, Georgia. On November 28, 1970, petitioners entered into an agreement to sell 896 acres of land located in Richland County, South Carolina to Energy Subsidiary, Inc., for $600,000. Petitioners' home, along with some farm equipment and other personalty, were located on the land and were included in the sales transaction. The buyer agreed to pay to petitioners the sum of $10,000 as *358 an earnest money deposit; a cash payment in the amount of $170,000 at closing; and further, agreed to execute and deliver to petitioners at closing a purchase money note and mortgage in the amount of $420,000 to be paid in five equal annual installments, plus 6-1/2 percent interest following the closing of the contract and delivery of the deed. The transaction was closed on March 15, 1971. At closing, the final sales price was adjusted downward to $593,203.05 to reflect the results of a survey showing that the property consisted of 885.85 acres rather than the 896 acres indicated in the sales agreement. The deed of conveyance contained a covenant whereby petitioners agreed to convey the property free from all defects and encumbrances except those the seller agreed to assume. At the time of the sale, the property was subject to a mortgage held by the Federal Land Bank in the amount of $16,063.36, representing the unpaid balance of a $28,000 loan obtained by petitioners in 1963. Energy Subsidiary, Inc., did not agree to assume the balance of the mortgage or take the property subject to that liability. Therefore, the unpaid balance of the mortgage was paid to the bank at closing *359 from the proceeds of the sale of the property.
On their 1971 income tax return, petitioners elected to report the sale of the farmland on the installment method pursuant to section 453. In computing the gain in the sale of the farmland under the installment method, petitioners did not include as a payment in the year of sale the satisfaction of the balance of the Federal Land Bank mortgage on the property sold. Respondent does not dispute ipettioners' use of the installment method. It is respondent's position that satisfaction of petitioners' mortgage obligation out of proceeds of the sale at the closing of the transaction constituted a payment in the year of sale. OPINION The issue here is whether, for purposes of section 453(a)(1), [2] the satisfaction of a mortgage at closing out of the proceeds of the sale constitutes a payment in the year of sale. [3]
*360 Petitioners rest their position on section 1.453-4(c) which provides: Determination of 'selling price'. In the sale of mortgaged property the amount of the mortgage, whether the property is merely taken subject to the mortgage or whether the mortgage is assumed by the purchaser, shall, for the purpose of determinining whether a sale is on the installment plan, be included as a part of the 'selling price'; and for the purpose of determining the payments and the total contract price as those terms are used in section 453, and section 1.453-1 through 1.453-7, the amount of such mortgage shall be included only to the extent that it exceeds the basis of the property. They apparently contend that since under this provision the amount of a mortgage is included as a payment "only to the extent that it exceeds the basis of the property," and the mortgage in question did not exceed the basis of the property conveyed, satisfaction of the mortgage out of the proceeds did not constitute a payment in the year of sale. As an initial matter, we note that the transaction herein was not one where the property was conveyed with the purchaser assuming or taking the property subject to the *361 mortgage. The deed specifically provided that the property was free from all encumbrances except for those the buyer assumed. Since the buyer did not assume or take the property subject to the mortgage in question, the above regulation provision is inapplicable. Maddox v. Commissioner,69 T.C. 854 (1978). We believe the result herein is governed by Amddox. In that case the taxpayers sold a number of parcels of encumbered property. Under the terms of the respective escrows, the purchasers were to obtain new mortgages secured by the conveyed properties. The proceeds of each of the new mortgages were to be applied to pay off the taxpayers' existing mortgages (or trust deeds). The issue for decision was whether the payoff of the existing mortgages (trust deeds), as directed by the terms of the escrows, with funds obtained from new loans secured by the same properties, constituted payments in the year of sale. The taxpayers' argument was basically that they had received only their redemption interests in the properties conveyed, thus placing them in the same position as if the purchasers had directly assumed the mortgages on the properties at the date of sale. *362 Thus, they argued, they should be taxed similarly. We disagreed. We distinguished the taxpayers' case therein from those contemplated by section 1.453-4(c), Income Tax Regs. We noted that not only did the literal language of the regulation not cover the taxpayers' situation, but that there was at least one policy reason to distinguish the case there before us from those covered by the regulation: the continued liability of the vendormortgagor. We held that the cancellation, payment, and extinguishment in the year of sale of petitioners' liabilities were the same as petitioners receiving additional cash and then paying off their mortgages (cleearly a payment in the year of sale) and thus treating satisfaction of these mortgages (deeds of trust) as a payment in the year of sale does not offend the underlying purpose of section 453. We believe what was said in Maddox is equally applicable to the facts before us. Petitioners fall outside the scope of section 1.453-4(c), Income Tax Regs. and, as pointed out in Maddox, were relieved of all possible liability with respect to the property conveyed in the transaction. As such, the portion of the proceeds used to discharge petitioners' *363 mortgage liability as part of the sales transaction constituted a payment in the year of sale. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years at issue.↩
2. Section 453(a)(1) provides: (a) Dealers in Personal Property. - (1) In general.-Under regulations prescribed by the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the gross profit, realized or to be realized when payment is completed, bears to the total contract price. See, also, section 453(b)(1). ↩
3. Petitioner George F. Muller's testimony at trial and his brief indicate he is confused about the mechanics of section 453. He confuses the two concepts "payment in the year of sale" and "taxable gain." This is shown by the following example set forth in his brief: EXTREME HYPOTHETICAL CASE
4-9 a.m. Plaintiff signs paupers oath in Federal Court, 10 a.m. Plaintiff buys property for $1,000,000.00, 10 a.m. Plaintiff mortgages property for $1,000,000.00, 11 a.m. Plaintiff sells property for $1,000,001.00 Buyer pays with cashiers check directing Seller to clear all encumbrances with proceeds. Seller pays off $1,000,000.00 mortgage. Net profit
$1.00
Net worth
$1.00
IRS calculated taxable profit
$1,000,001.00
IRS calculated taxes $ 670,890.00
Apparently, petitioner believes that taxable gain is synonymous with payment in the year of sale. This, of course, is not the case and the proper computation of taxable gain in petitioners' hypothetical is $1.00.↩